IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMESH KANDA,

      Plaintiff,               No. CIV S-06-1422 LKK KJM P

    vs.

LINDA MELCHING-RIANDA, et al.,

      Defendant.      <u>ORDER</u>

_____/

      Plaintiff is a state prison inmate proceeding pro se with a civil rights action.  This case was originally filed in the United States District Court for the Northern District, which issued an order of transfer on June 20, 2006.  In that order, the court found that plaintiff's first claim, against officials at Salinas Valley State Prison, did not state a claim and ordered it dismissed without prejudice.  Order at 2.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint, or portion thereof, should only be dismissed for failure to state a

9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13  complaint under this standard, the court must accept as true the allegations of the complaint in

14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  Plaintiff raises several claims, each of which will be discussed in turn.

18  A.  Claim Two

19  Plaintiff alleges that he submitted an inmate grievance requesting single cell status

20  to accommodate his religious beliefs and medical needs because "the prison could not seem to

21  find him an adequate cellmate whom did not, by his own personal actions, violate the edcts [sic]

22  of plaintiff's religious belief (e.g., the consumption of beef or beef by-products or the possession

23  of same within his cell).  Defendants Voss, a correctional captain, and Shore, a correctional

24  lieutenant, denied the appeal of his grievance, as did defendant Knowles, the warden of Mule

25  Creek State Prison (MCSP).  Defendant Melching, Chief of Inmate Appeals, also denied his

26  appeal of this issue.

1      Prisoners retain the First Amendment right to free exercise of religion. O'Lone v.

2  Estate of Shabazz, 482 U.S. 342, 348 (1987).  Nevertheless, limitations on a prisoner's free

3  exercise rights arise both from the fact of incarceration and from valid penological objectives.

4  Id.; McElyea v. Babbit, 833 F.2d 196, 197 (9th Cir.1987).

5      In order to establish a violation of the First Amendment right to free exercise of

6  religion, a prisoner must show the defendants burdened the practice of his religion by preventing

7  him from engaging in conduct mandated by his faith, without any justification reasonably related

8  to legitimate penological interests. Freeman v. Arpaio, 125 F.3d 732 (9th Cir.1997). "In order to

9  reach the level of a constitutional violation, the interference with one's practice of religion must

10 be more than an inconvenience; the burden must be substantial and an interference with a tenet or

11 belief that is central to religious doctrine." Id. at 737 (internal quotations and citations omitted).

12 Plaintiff alleges that he sought a single cell so he would not be housed with someone who

13 violated the edicts of his religion, but he does not allege that such housing would burden his own

14 practice of his faith.

15     Plaintiff alleges that defendants Knowles, Voss and Shore were responsible for

16 the conduct of correctional employees under their command, but that defendant Melching was

17 responsible only for the inmate appeals division.  Accordingly, because his claims against

18 defendant Melching arise from his dissatisfaction with the resolution of his grievance, they do

19 not state a claim under the civil rights act.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

20 1988) (no constitutional right to a grievance procedure so any deficiencies in the response to

21 plaintiff's grievances do not state a claim cognizable in a civil rights action).  Although plaintiff

22 will be given the opportunity to amend this portion of his complaint, he should not include the

23 claim against defendant Melching.

24 B.  Claim Three

25     Plaintiff alleges that defendants Blim and Voss were involved in a decision to

26 place plaintiff in administrative segregation as punishment for invoking his religious beliefs.

1   His appeals were denied by defendants Marshbanks, Silva, Voss, Knowles and Melching.   He

2   alleges that this action violated his rights to free exercise of religion, to equal protection, and to

3   be free of cruel and unusual punishment.

4          1.  First Amendment

5          Although an inmate has a right not to be disciplined for refusing to act in violation

6   of his religious beliefs, this portion of plaintiff's claim is similar to claim two, which did not

7   adequately plead the relationship between the challenged actions and the exercise of religion.

8          Moreover, plaintiff alleges that defendant Voss placed him in disciplinary

9   segregation for four days.  It appears that his claims against the other defendants are based solely

10   on their denial of his grievance about this incident.  While a superior may be liable for the acts of

11   his subordinates when he is put on notice and yet refuses to prevent or correct unconstitutional

12   actions, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), it appears that Marshbanks, Silva

13   and Knowles would not have received notice of any unconstitutionality through the grievance

14   process before the four days had elapsed and thus could not have intervened.  In any event, as

15   noted above, defendant Melching is not liable for her response to plaintiff's grievance.  As to the

16   other defendants and the substance of plaintiff's First Amendment claim, he will be given leave

17   to amend this portion of his complaint, if he is able to while complying fully with Federal Rule of

18   Civil Procedure 11.

19          2.  Equal Protection

20          Plaintiff alleges that defendant Voss violated his right to equal protection by

21   reviewing the appeal of his grievance concerning placement in segregation when it was her order

22   he was challenging.  This claim does not establish an equal protection violation, which arises

23   from a defendant's  treating plaintiff differently from others with whom plaintiff is similarly

24   situated, as the result of intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d

25   732, 737 (9th Cir. 1997).  This claim, in contrast, flows from the resolution of plaintiff's

26   grievance, which does not state a claim under the civil rights act; it should not be included in any

1 amended complaint.

2           3. <u>Cruel and Unusual Punishment</u>

3       To establish a claim based on conditions of confinement, plaintiff must make an

4 objective showing that the conditions were "sufficiently serious" to form the basis for an Eighth

5 Amendment violation and a subjective showing that the prison official acted "with a sufficiently

6 culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). Plaintiff's conclusory claim

7 that four days in segregation put him "in jeopardy of physical and spiritual health and harm" is

8 insufficient. He will be given the opportunity to amend this portion of his complaint.

9 C. <u>Claims Four, Five And Six</u>

10       In each of these claims, plaintiff alleges that defendant Shore and Blim denied his

11 request for an interpreter or staff assistant to prepare for disciplinary hearings, despite the fact

12 that he does not understand English well and he reads at a third grade level. Defendants Knowles

13 and Melching denied his appeals. This portion of the complaint states a claim against defendants

14 Shore and Blim.

15 D. <u>Claim Seven</u>

16       Although the basis of this claim is not entirely clear, plaintiff appears simply to be

17 asserting that he has exhausted his administrative remedies against the defendants named in this

18 lawsuit for the violations of constitutional rights he has pleaded. The court does not interpret it

19 as an independent cause of action; it should not be included in any amended complaint.

20       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

21 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u>

22 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

23 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

24 there is some affirmative link or connection between a defendant's actions and the claimed

25 deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

26 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory

1   allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

2   <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5   amended complaint be complete in itself without reference to any prior pleading.  This is

6   because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v.</u>

7   <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9   original complaint, each claim and the involvement of each defendant must be sufficiently

10  alleged.

11          In accordance with the above, IT IS HEREBY ORDERED that:

12          1.   In light of the fact that the court has found portions of plaintiff's complaint to

13  state a claim under the civil rights act, plaintiff may choose to proceed in one of two ways:

14  (a) Within thirty days of the date of this order, plaintiff may inform the court that he wishes to

15  proceed on those claims the court has found adequate, or (b) he may submit an amended

16  complaint that complies with the requirements of this order, the Civil Rights Act, the Federal

17  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

18  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

19  an original and one of the amended complaint.

20          2.   Plaintiff's failure to file an amended complaint or to notify the court that he

21  wishes to proceed only on those claims already found to state a claim in accordance with this

22  order will result in a recommendation that this action be dismissed.

23  /////

24  /////

25  /////

26  /////

3.  The Clerk of the Court is directed to amend the docket to reflect the correct order of plaintiff's first and last names.

DATED:  August 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/kand1422.14